NOT DESIGNATED FOR PUBLICATION

No. 121,986

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
RODRIGO A. DOMINGUEZ.

MEMORANDUM OPINION

Appeal from Rice District Court; STEVEN E. JOHNSON, judge. Opinion filed August 7, 2020.
Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Brant M. Laue*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., MCANANY, S.J., and BURGESS, S.J.

PER CURIAM: Rodrigo Dominguez appeals the district court's order committing him as a sexually violent predator. He argues that his neurobehavorial disorder, his attention deficit hyperactivity disorder, and his below average IQ do not qualify as either "a mental abnormality or personality disorder which makes [him] likely to engage in repeat acts of sexual violence," under K.S.A. 2019 Supp. 59-29a02. Finding that there is more than sufficient evidence that Dominguez suffered from a mental disorder or personality disorder as contemplated by statute, the district court's order committing Dominguez is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2014, Dominguez broke into a female stranger's residence shortly after midnight. Although the woman was at work, her two young daughters were home. The

1

older daughter managed to escape the house, and neighbors alerted police. When the police entered the house, they found Dominguez straddling and hitting the younger daughter. After arresting Dominguez, police also discovered pairs of women's underwear stuffed in his pants.

In February 2015, Dominguez pleaded no contest to one count of aggravated battery and one count of aggravated burglary. In exchange for those pleas, the State dismissed two counts of aggravated assault, one count of abuse of a child, and one count of battery. The district court sentenced Dominguez to 52 months in prison and 24 months of postrelease supervision, which fell within the presumptive range under our state's sentencing guidelines.

In early April 2018, two weeks before he was scheduled for release, the State petitioned to commit Dominguez at the end of his sentence under the Kansas Sexually Violent Predator Act, K.S.A. 59-29a01 et seq. Under that Act, if an offender meets the statutory criteria of a sexually violent predator, a district court can order that that person remain confined to protect the public while the person receives treatment for any underlying mental disorder. To be subject to civil commitment under the Act, the person must (1) have been convicted or charged with a listed sexually violent offense, (2) suffer from some mental abnormality or personality disorder, (3) be likely to engage in repeat acts of sexual violence because of that abnormality or disorder, and (4) have serious difficulty controlling their dangerous behavior. K.S.A. 2019 Supp. 59-29a02(a).

The Act lays out the procedure for civil commitment. First, the State petitions under K.S.A. 2019 Supp. 59-29a04(a), asking the court to determine whether there is probable cause to believe that the person meets the statutory definition of a sexually violent predator. If the court determines that there is probable cause, it orders the person be taken to county jail until it can hold a hearing. K.S.A. 2019 Supp. 59-29a05(a). At that hearing, the person may contest the court's initial determination. K.S.A. 2019 Supp. 59-

2

29a05(b), (c). If the court again finds that probable cause exists to believe the person is a sexually violent predator, it orders another mental-health examination at a secure facility. K.S.A. 2019 Supp. 59-29a05(d), (e). Thereafter, the case proceeds to trial and the trier of fact must determine whether the person is a sexually violent predator beyond a reasonable doubt. K.S.A. 2019 Supp. 59-29a06, K.S.A. 2019 Supp. 59-29a07.

In this case, the assault and burglary convictions from the January 2014 home invasion did not serve as the basis for the State's petition. Instead, the State alleged in its petition that Dominguez had pleaded guilty in 2008, at the age of 14, to aggravated indecent solicitation with a child, a listed sexually violent offense. See K.S.A. 2019 Supp. 59-29a02(e)(7). Dominguez was adjudicated as a juvenile offender in that case and spent time in the Larned Juvenile Correctional Facility before being discharged in 2012. The petition also designated Dr. Carol Crane as the State's expert in the case. The State filed a 32-page report from Dr. Crane with the petition in which Dr. Crane concluded that Dominguez suffered from a mental abnormality, had trouble controlling his dangerous behavior, and "pose[d] a well above average risk for sexual violence relative to other convicted sex offenders."

After reviewing the petition and Dr. Crane's report, the district court made the initial determination that probable cause existed to believe that Dominguez met the statutory criteria for a sexually violent predator subject to civil commitment. The court ordered that Dominguez be kept in custody on his release from prison and brought to the Rice County jail. The court held the statutorily required probable-cause hearing in June 2018. See K.S.A. 2019 Supp. 59-29a05(b)-(d). Dr. Crane gave testimony consistent with her report, and the court found that the State had shown probable cause to believe that Dominguez was a sexually violent predator under the Act.

The court then ordered that Dominguez be transferred to Larned State Security Hospital for the evaluation required by the Act. See K.S.A. 2019 Supp. 59-29a05(d). In

3

September 2008, he was examined by Dr. Mitch Flesher, who concluded in a 10-page report that Dominguez was suffering from antisocial personality disorder—a mental abnormality—and that Dominguez' "likelihood of repeat acts of sexual violence is of such a degree that he poses a menace to the health and safety of others." It was Dr. Flesher's opinion that Dominguez met the statutory criteria of a sexually violent predator.

After a continuance, the court held a two-day jury trial in July 2019. Dr. Crane, Dr. Flesher, Kalene Ventura (a Rice County detention officer), and Dominguez testified. Dr. Crane and Dr. Flesher testified as experts about whether they believed Dominguez met the four statutory criteria to be considered a sexually violent predator. Ventura testified about multiple instances during which Dominguez exposed his genitals and masturbated in front of her when he was detained in the Rice County jail. Dominguez testified about the physical and sexual abuse he suffered as a child, his substance abuse history, and his employment history.

Dr. Crane and Dr. Flesher both believed that Dominguez met the four statutory criteria of a sexually violent predator. They concluded that Dominguez (1) had been convicted or charged with a listed sexually violent offense, (2) suffered from some mental abnormality or personality disorder, (3) was likely to engage in repeat acts of sexual violence because of that abnormality or disorder, and (4) had serious difficulty controlling his dangerous behavior. See K.S.A. 2019 Supp. 59-29a02. Both experts referenced Dominguez' juvenile adjudication for aggravated indecent solicitation of a child as a prior sexually violent crime. Both experts concluded that Dominguez had serious trouble controlling his dangerous behavior. Dominguez did not introduce expert testimony to rebut the State's experts.

At the close of the trial, the jury found that, beyond a reasonable doubt, Dominguez was a sexually violent predator, and the district court ordered him committed under the Sexually Violent Predator Act. Dominguez has appealed to this court.

4

ANALYSIS

As previously stated, to meet the statutory criteria of a sexually violent predator, a person must (1) have been convicted or charged with a listed sexually violent offense, (2) suffer from some mental abnormality or personality disorder, (3) be likely to engage in repeat acts of sexual violence because of that abnormality or disorder, and (4) have serious difficulty controlling his or her dangerous behavior. K.S.A. 2019 Supp. 59-29a02(a).

On appeal, Dominguez frames his argument as a sufficiency of the evidence issue. He says that insufficient evidence supports his adjudication as a sexually violent predator warranting reversal and his release. He correctly notes that when we are presented with such an issue in a sexually violent predator case, we review all of the evidence in the light most favorable to the State and determine whether we are convinced that a reasonable fact-finder could have found that the State met its burden to prove beyond a reasonable doubt that the individual is a sexually violent predator. *In re Care & Treatment of Williams*, 292 Kan. 96, 104, 253 P.3d 327 (2011).

The only issue that Dominguez raises in his brief is that Dr. Crane's testimony concerning Dominguez' neurodevelopmental disorder due to prenatal alcohol exposure, his attention deficit hyperactivity disorder, and his below average IQ of 87 do not qualify as a mental abnormality or personality disorder under K.S.A. 2019 Supp. 59-29a02(a). The statutory definition of mental abnormality is "a congenital or acquired condition affecting the emotional or volitional capacity which predisposes the person to commit sexually violent offenses in a degree constituting such person a menace to the health and safety of others." K.S.A. 2019 Supp. 59-29a02(b). The issue, as framed by Dominquez, is whether the prenatal alcohol induced neurodevelopmental disorder, attention deficit hyperactivity disorder, and a below average IQ fall within that statutory definition.

5

Statutory interpretation presents a question of law over which appellate courts have unlimited review. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

Dominguez' argument ignores the other mental abnormalities that both Dr. Crane and Dr. Flesher diagnosed him with. Those include antisocial personality disorder, borderline personality disorder, exhibitionism, impulse control disorder, and various substance abuse disorders. As the State notes, Kansas appellate courts have found that those conditions constitute mental abnormalities under the Sexually Violent Predator Act. See, e.g., *In re Williams*, 292 Kan. at 114 (antisocial personality disorder); *In re Care & Treatment of Miller*, 289 Kan. 218, 228, 210 P.3d 625 (2009) (antisocial personality disorder and substance abuse); *In re Care & Treatment of Emerson*, 52 Kan. App. 2d 421, 435, 369 P.3d 327 (2016) (exhibitionism). Our Supreme Court has said that "language of [K.S.A. 59-29a02(b)] is clear" and that it "provides for the commitment of a sex offender with *any* mental abnormality . . . that makes him or her likely to engage in repeat acts of sexual violence." *In re Miller*, 289 Kan. at 231. Assuming Dominguez is correct that the specific conditions he disputes do not qualify as mental abnormalities under the statute, he was diagnosed with multiple other conditions that are more than sufficient to satisfy the mental-abnormality element.

Dominguez does not challenge the jury's findings that he met the other statutory elements of a sexually violent predator, i.e., he committed a sexually violent crime, he is likely to engage in repeat acts of sexual violence, or he has serious difficulty controlling his dangerous behavior. We therefore affirm the district court's order committing Dominguez as a sexually violent predator.

Affirmed.